IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-01340-MSK-PAC

SECURITIES AND EXCHANGE COMMMISSION,

       Plaintiff,

v.

WILLIAM L. BROTHERTON and
INTERNATIONAL BUSINESS CONSORTIUM, INC.

       Defendants.

_____

**ORDER MODIFYING ASSET FREEZE AND DIRECTING PAYMENT OF CERTAIN FROZEN FUNDS TO THIS COURT'S REGISTRY**
_____

On July 24, 2001 the Court entered a Preliminary Injuction on Consent and Order Freezing Assets and Granting Other Relief (the "Freeze Order") that, as more fully set forth therein, preliminarily enjoined defendants William L. Brotherton and International Business Consortium, Inc. ("IBC") from violating the registration and antifraud provisions of the federal securities laws, continued the asset freeze that had been provisionally in effect since July 16, 2001, and granted other relief.

The Freeze Order, among other things, prohibited disposition of the Defendants' assets and directed persons holding any of the Defendants' funds to retain them and not permit their withdrawal, including $12,088 that Birge & Minckley, P.C. received from Defendant Brotherton as a retainer before this case was filed on July 13, 2001 and deposited in that firm's client trust account (the "Account").  On May 7, 2002 the court granted a motion for Thomas D. Birge to

withdraw as counsel for the Defendants and permitted Birge & Minckley to withdraw $2,088 from the trust account for certain expenses incurred by the firm before the Commission's case was filed, but directed that the remaining $10,000 in the trust account would remain subject to the asset freeze, pending further order of the Court.

On June 16, 2003 the Court entered an Order on Pending Motions and Judgment ("Final Judgment") in favor of the Commission, holding the Defendants jointly and severally liable for disgorgement of $325,144, plus prejudgment interest thereon in the amount of $36,602.03, and a civil penalty of $50,000, for a total judgment debt of $411,746.03.

The Commission has moved for an order: (1) directing Birge & Minckley, pursuant to Local Civil Rule 67.2, to transfer $3,634 from the Account to the Clerk of the Court for deposit into the registry in an interest bearing account with the Court Registry Investment System ("CRIS") in partial satisfaction of the Court's June 16, 2003 judgment for disgorgement in favor of the Commission and against the Defendants; and (2) lifting the asset freeze with respect to the remainder in the Account, $6,366, so that Birge & Minckley may transfer that amount to the firm's own account for legal services rendered by the firm to Brotherton in connection with the Commission's investigation before this case was filed on July 13, 2001. Birge & Minckley does not oppose the Commission's motion.

Accordingly, the Freeze Order is **MODIFIED** as follows:

**A.** Birge & Minckley, pursuant to Local Civil Rule 67.2, shall pay forthwith to the Clerk of the Court (United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Room A105, Denver, Colorado 80294-3589) $3,634 from the Account, together with a cover letter identifying Brotherton and IBC as defendants in this action, setting forth the title and civil action number of this action and the name of this Court,

and specifying that the transfer is made pursuant to this Order.  Birge & Minckley shall simultaneously transmit photocopies of such transfer and letter to Brotherton (1939 Colorado Avenue, Grove City, Florida 34224) and to the Commission's counsel in this action (Robert J. Keyes, Esq., U.S. Securities and Exchange Commission, 3 World Financial Center, Room 4300, New York, New York  10281).

  **B.** After the payment required under Paragraph I.A above has been received by the Registry, Birge & Minckley may transfer the remaining $6,366 in the Account to the firm's own account for legal services rendered by the firm to Brotherton in connection with the Commission's investigation before this case was filed on July 13, 2001.

  **C.** The Clerk shall deposit all the funds paid by Birge & Minckley pursuant to this Order into an interest bearing account with the CRIS.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS pending approval by the Court of a distribution plan.  In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

  **D.** The funds paid to the Clerk by Birge & Minckley pursuant to this Order shall be applied in partial satisfaction of the Defendants' judgment debt for disgorgement.

  **E.** Brotherton and IBC shall have no legal or equitable right, title, or interest in any funds in the Account or in the amount deposited into the Court's registry pursuant to this Order, and no part of such funds shall be returned to Brotherton or IBC.

  **F.** Except as expressly modified by this Order, the Freeze Order shall remain in full force

and effect until further order of the Court. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of the Final Judgment and this Order.

Dated this 16th day of December, 2005

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge