IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-01340-MSK-PAC

SECURITIES AND EXCHANGE COMMMISSION,

    Plaintiff,

v.

WILLIAM L. BROTHERTON and
INTERNATIONAL BUSINESS CONSORTIUM, INC.

    Defendants.

_____

### ORDER APPROVING PLAN OF DISTRIBUTION AND APPOINTING A DISTRIBUTION AGENT
_____

Plaintiff Securities and Exchange Commission ("Commission") filed a motion **(#113)** on March 17, 2005 seeking an Order approving the Commission's proposed Plan for Distribution of Disgorged Assets (the "Plan") and appointing a distribution agent, Sheri L. Betzer. As requested in the Commission's motion, the Court on March 22, 2005 entered an Order to Show Cause that, among other things, directed Eligible Claimants named in the proposed Plan and any other potential claimants to submit any objections to the proposed Plan to the Commission within 60 days. The Order to Show Cause also directed the Commission to file any such objections with its responses within 80 days.

The Commission received one objection to the proposed Plan, from investor Donna C. Johnson. In accordance with the Order to Show Cause, the Commission filed Ms. Johnson's objection and the Commission's response to it. The Court has considered the Commission's

motion, the proposed Plan, Ms. Johnson's objection to the proposed Plan, and the Commission's response to the objection.

Although the Court is sympathetic towards Ms. Johnson and appreciates the hardship resulting from the loss of her investment, the circumstances described in her objection do not warrant deviation from the otherwise just and fair *pro rata* nature of the proposed distribution. The objection of Donna Johnson is **OVERRULED** and the Commission's Plan is **APPROVED**.

Sheri L. Betzer is appointed as the Distribution Agent under the Plan. The Distribution Agent shall, in accordance with the Plan, have the following rights and responsibilities:

a. The Distribution Agent, after consultation with the Commission, shall distribute the Disgorgement Fund in accordance with the Plan.

b. Upon entry of this Order approving the Plan, the Distribution Agent shall by letter to the Clerk ask the Clerk to determine the amount of money in the Disgorgement Fund that is currently held in the CRIS account and ask the Clerk to transfer those funds to the Distribution Agent in trust for deposit into a non-interest bearing checking account. Upon receipt of the funds from the Clerk, the Distribution Agent shall promptly deposit the funds in a non-interest bearing checking account or in multiple accounts as may be necessary to ensure that the entire amount deposited is insured by the Federal Deposit Insurance Corporation.

c. The Distribution Agent, on behalf of the Disgorgement Fund, shall take all necessary steps to enable the Disgorgement Fund to be a "qualified settlement fund" within the meaning of regulations issued under section 468B(g) of the Internal Revenue Code of 1986, as amended. The Distribution Agent shall be designated the administrator of the qualified settlement fund, pursuant to Treas. Reg. § 1.468B-2(k)(3)(i), and shall satisfy the administrative requirements imposed by Treas. Reg. § 1.468B-2, including but not limited to (i) obtaining a

taxpayer identification number, (ii) timely filing applicable federal, state, and local tax returns and paying taxes reported thereon, and (iii) satisfying any information reporting or withholding requirements imposed on distributions from the qualified settlement fund.

    d.      The Distribution Agent shall prepare and file any necessary tax returns and shall calculate the amount of taxes due, if any, and any interest or penalties owing thereon as a result of the interest earned on the disgorged funds while the funds were in the registry of the Court (the "Tax Obligation"). The Distribution Agent shall file a request with the Internal Revenue Service ("IRS") to abate any applicable tax penalties. The Distribution Agent shall pay the Tax Obligation to the IRS without further order of the Court and will file a notice of such payment with the Court and shall serve a copy of such notice upon the Commission.

    e.      The Distribution Agent is entitled to receive compensation from the Disgorgement Fund at the Distribution Agent's standard hourly rates in a total amount not to exceed $12,000 (including such fees as are incurred by the Distribution Agent's own partners and associates or any other accountant chosen by the Distribution Agent) and other reasonable and documented costs and expenses incurred in performance of the Distribution Agent's duties under the Plan. The Distribution Agent may pay all such fees and costs upon application to the Court and pursuant to further order of the Court.

    f.      After payment of the Tax Obligation and the Distribution Agent's fees and expenses as approved by the Court, the Distribution Agent shall disburse to each Eligible Claimant an amount equal to his or her Loss Ratio (as set out in ¶ 12 of the Plan) multiplied by the amount remaining in the Disgorgement Fund in accordance with the Plan without further order of the Court.

    g.      The Distribution Agent is excused from all legal requirements to post a bond or

give an undertaking of any type in connection with the Distribution Agent's duties and obligations under the Plan.

  h. The Distribution Agent is entitled to rely on all outstanding rules of law and court orders, and shall not be liable to anyone for good faith compliance with any order, rule, law, judgment, or decree, including the orders of this Court.  In no event shall the Distribution Agent be liable to the Defendants or any claimant for good faith compliance with the Distribution Agent's duties and responsibilities under the Plan relating to the Tax Obligation, nor shall the Distribution Agent be liable to anyone for any action taken or omitted relating to the Tax Obligation, except upon a finding by this Court that the Distribution Agent acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of the Distribution Agent's duties under the Plan.

  i. The Distribution Agent may be removed at any time by the Court, and replaced with a successor.  In the event the Distribution Agent decides to resign, the Distribution Agent shall first give written notice to the Commission and the Court of such intention to resign, and the resignation shall not be effective until the Court has appointed a successor.  The Distribution Agent shall then follow instructions provided by such successor or the Court.

  j. If for any reason monies remain in the Disgorgement Fund after six months from the date the funds are disbursed to the Eligible Claimants in accordance with the Plan, the Distribution Agent shall pay such funds to the United States Treasury.

  k. The Distribution Agent shall serve upon the Commission and file with the Court a final report upon the completion of the Distribution Agent's duties under the Plan.

  l. For the period of engagement and for a period of two years from completion of the engagement, the Distribution Agent shall not enter into any employment, consultant, attorney-

client, auditing or other professional relationship with the Defendants, or any of its present or former affiliates, directors, officers, employees, or agents acting in their capacity. Any firm with which the Distribution Agent is affiliated or is a member, and any person engaged to assist the Distribution Agent in performance of the duties required under this Order shall not, without prior written consent of the Commission's Northeast Regional Office, enter into any employment, consultant, attorney-client, auditing or other professional relationship with the Defendants, or any of their present or former affiliates, directors, officers, employees, or agents acting in their capacity as such for the period of the engagement and for a period of two years after the engagement.

Defendants shall cooperate with the Distribution Agent in fulfilling the Disgorgement Fund's obligations under Treas. Reg. § 1.468B-2.

The Clerk shall promptly comply with the Distribution Agent's request for a determination of the amount of money in the Disgorgement Fund that is currently held in the CRIS account and shall transfer those funds to the Distribution Agent in trust in accordance with the Plan and without further order of the Court.

Dated this 16th day of December, 2005

                                **BY THE COURT:**

                                */s/ Marcia S. Krieger*

                                Marcia S. Krieger
                                United States District Judge